IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CLIMATE CHANGE TRUTH, INC.**, | Case No. 3:22-cv-663-AR |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **JIM SHIPLEY**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

On May 5, 2022, Plaintiff Climate Change Truth, Inc., a non-profit corporation, filed this case in federal court purporting to represent itself or to be represented by David White, its President and board member. Mr. White, however, is not an attorney. Service of process has not yet occurred. Plaintiff also filed an application with the Court to proceed *in forma pauperis* (IFP). Plaintiff asserts that the Court has jurisdiction based on federal question. Plaintiff lists the federal law at issue in this case as "501C3 non-profit rules and regulation." Plaintiff further moves for the appointment of volunteer pro bono counsel, for a temporary restraining order (TRO), and for *pro se* access to the Court's CM/ECF filing system.

The sole defendant in this case is attorney Jim Shipley. As alleged in the Complaint, David White is going through a divorce, and Jim Shipley is the attorney for Mr. White's

estranged wife. The divorce proceeding appears to be pending in Washington County Circuit Court for the State of Oregon with Circuit Judge Charles Bailey presiding. In this federal lawsuit, Plaintiff seeks as relief the following:

> We request an injunction be granted to stop Judge Bailey from ordering the KeyBank records to be produced in the divorce case. We also request Jim Shipley be compelled to pay $2,000 to cctruth.org for causing extra attorney expense. An additional $2000 for 30 hours of Professor Whites time to respond shall be paid to Mr. White.

ECF 2 at 3. Other than not including Judge Bailey as a named defendant, this federal action appears to be virtually identical to the lawsuit filed by Plaintiff on May 4, 2022, styled *Climate Change Truth, Inc. v. Judge Charles Bailey and Jim Shipley*, Case No. 3:22-cv-654-AR (D. Or.).

As explained below, there are several problems with Plaintiff's Complaint and motion for TRO. First, a corporation may not represent itself in federal court but must instead be represented by an attorney. Second, Plaintiff fails to allege sufficient facts showing that this Court has subject matter jurisdiction. Third, the injunctive relief sought by Plaintiff against Judge Bailey is barred by the Anti-Injunction Act. Accordingly, for the reasons stated below, this case is dismissed without prejudice and all of Plaintiff's motions are denied.

**A.  Plaintiff's Purported Self-Representation**

A *pro se* litigant who is not a licensed attorney cannot represent a business entity in federal court. *See Rowland v. California Men's Colony*, 506 U.S. 194, 195 (1993) (stating that the law "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney" (citing cases)). "The rule requiring corporations to have counsel rather than to proceed in litigation pro se applies even if the corporation is a non-profit corporation." *Her Oceans v. Cmty. Outreach Behav. Servs., Inc.*, 2021 WL 3172914, at *1 (D. Idaho July 27, 2021). Mr. White states that he represents Plaintiff, a non-profit business

corporation. Mr. White, who is not a licensed attorney, may not represent Plaintiff in federal court. *Id.* Thus, this case may not proceed, even if all the other issues are cured, until Plaintiff is represented by counsel.

### B. Standards of Review for *Pro Se* Pleadings

Although Plaintiff may not proceed *pro se*, for judicial efficiency the Court will review the sufficiency of Plaintiff's Complaint, using the standards governing review of *pro se* filings. Congress established that when a complaint is filed by a plaintiff proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the Court determines that" the action is: (1) "frivolous or malicious"; (2) "fails to state a claim on which relief may be granted"; or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Courts perform a preliminary screening to determine whether complaints brought by self-represented litigants and litigants proceeding *in forma pauperis* raise cognizable claims. *See, e.g.*, *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies for *in forma pauperis* status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims. If not, the district court must dismiss the complaint."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (noting that "section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners"); *Preciado v. Salas*, 2014 WL 127710, at *1 (E.D. Cal. Jan. 14, 2014) ("The Court is required to screen complaints brought by plaintiffs proceeding *pro se* and *in forma pauperis*.").

Self-represented, or *pro se*, plaintiffs receive special dispensation. A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011)

PAGE 3 – OPINION AND ORDER

(quotation marks omitted). "Unless it is absolutely clear that no amendment can cure the defect, . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). But even a *pro se* plaintiff must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**C. Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Unlike state courts, which are courts of general jurisdiction, federal courts may only exercise jurisdiction in certain kinds of cases as authorized by the United States Constitution and Congress. *See id.*; *United States v. Jacobo Castillo*, 496 F.3d 947, 951 (9th Cir. 2007) (en banc). Federal courts have jurisdiction over two primary categories of cases: (1) "federal question" cases; and (2) "diversity of citizenship" cases. A "federal question" case involves the Constitution or a federal law or treaty. *See* 28 U.S.C. § 1331. A "diversity of citizenship" case involves citizens of different states where the amount of damages is more than $75,000. *See* 28 U.S.C. § 1332(a)(1). When a court lacks subject-matter jurisdiction, meaning it lacks the statutory or constitutional power to adjudicate a case, it must dismiss the complaint, whether upon the motion of a party or *sua sponte*. *See Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015); *see also* Fed. R. Civ. P. 12(h)(3).

Plaintiff asserts that this Court has federal question jurisdiction. Plaintiff contends that the federal law governing this case are the rules and regulations governing 501(c)(3) corporations. The facts alleged by Plaintiff, however, do not show that there is any dispute about the rules or regulations governing 501(c)(3) corporations. Plaintiff admits that funds of

a 501(c)(3) corporation are not allowed to be used for personal use. Plaintiff contends, however, that the attorney for Mr. White's estranged wife told Mr. White to use the non-profit's funds for personal use. Thus, this dispute appears not to be centered on what the 501(c)(3) regulations permit or mean, but rather about what Mr. Shipley represented to Mr. White and whether that representation should result in some kind of order or estoppel in the divorce proceeding. Plaintiff does not allege any specific 501(c)(3) regulation that Plaintiff alleges is disputed or needs to be construed to resolve the issues in this case. Thus, Plaintiff alleges insufficient facts to show that federal law governs this dispute.

### D. Anti-Injunction Act

Under the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. In *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers*, the U.S. Supreme Court held that the Anti-Injunction Act is an absolute prohibition against a district court's enjoining state actions unless one of the three statutory exceptions has been met. 398 U.S. 281, 286 (1970). Because the "statutory prohibition against such injunctions in part rests on the fundamental constitutional independence of the States and their courts," federal courts must construe these three exceptions narrowly. *Id.* at 287; *see also Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1101 (9th Cir. 2008). "Any doubts as to the propriety of a federal injunction . . . should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atl. Coast Line*, 398 U.S. at 297. "Proceedings in state courts[, thus,] should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the Supreme] Court." *Id.* at 287.

The first and third statutory exceptions do not apply—this Court has not entered any orders or judgments, and there is no federal statute authorizing a district court to enjoin a state divorce proceeding. *See, e.g.*, *Szymonik v. Connecticut*, 807 F. App'x 97, 100 (2d Cir. 2020); *Lyons v. Does*, 2022 WL 329268, at *3 (S.D.N.Y. Feb. 3, 2022). The second exception generally "applies to in rem proceedings where the federal court has jurisdiction over the res and the state court proceedings might interfere with that." *Negrete*, 523 F.3d at 1101. This principle, however, "does not authorize interference with parallel in personam state actions merely because the state courts might reach a conclusion before the district court does." *Id.*

Plaintiff's state and purported federal cases are in personam actions with jurisdiction over the parties. They are not in rem actions with jurisdiction over the bank account. Thus, even if the Court had jurisdiction over this case and Judge Bailey did not have absolute judicial immunity, the Anti-Injunction Act would prevent the Court from issuing the requested injunction.

**E. Motion to Proceed IFP**

The ability to proceed IFP is codified in 28 U.S.C. § 1915. The Supreme Court analyzed this statute in *Rowland* and held that a "person" within the meaning of the statute was only applicable to individuals and not applicable to artificial entities such as corporations. *Rowland*, 506 U.S. at 201, 211-12. The Supreme Court explained that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.*, at 203 (simplified). The Supreme Court then noted that poverty is "a human condition" and that "whatever the state of its treasury, an association or corporation cannot be said to lack the comforts of life." *Id.* (simplified). "Artificial entities may be insolvent, but they are not well spoken of as 'poor.'" *Id.* Because corporations do not need food or shelter in order to survive demanding court fees cannot

deprive an artificial entity of the "necessities of life." *See id.* at 206. Under *Rowland*, Plaintiff may not proceed IFP.

## F. Motion for Appointment of Counsel

*Rowland's* analysis is also dispositive of Plaintiff's motion for appointment of pro bono counsel. The appointment of volunteer pro bono counsel is set forth in § 1915(d) and references "person" the same as the other provisions of § 1915. Indeed, the Supreme Court in *Rowland* cited the attorney provision as a basis for construing the IFP provision as not applying to entities. *See Rowland*, 506 U.S. at 201-03. Thus, regardless of the other defects in Plaintiff's filings, the Court must deny this motion.

## G. Conclusion

Plaintiff, a corporation, may not represent itself in federal court. Additionally, the relief sought against Judge Bailey is barred by the Anti-Injunction Act. Plaintiff also fails sufficiently to allege federal court subject matter jurisdiction. Because Plaintiff fails to allege subject matter jurisdiction and improperly brings this case *pro se*, the Court dismisses Plaintiff's claim for damages against Mr. Shipley.

The Court DISMISSES Plaintiff's Complaint (ECF 2), DENIES Plaintiff's Request to Proceed IFP (ECF 1), and DENIES ALL PENDING MOTIONS (ECF 4 and ECF 5). Plaintiff may file an amended complaint not later than June 6, 2022, if Plaintiff can cure the defects identified in this Opinion and Order, including obtaining counsel or bringing the action in the name of Mr. White.

**IT IS SO ORDERED.**

DATED this 6th day of May, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge